UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RODOLFO HERNANDEZ,

                *Plaintiff*,

v.

MAY SHIP REPAIR CONTRACTING CORPORATION and MOHAMED M. ADAM,

                *Defendants*.

Civil Action No.

**COMPLAINT**

---

Plaintiff RODOLFO HERNANDEZ, by and through his attorneys, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff RODOLFO HERNANDEZ, (referred to herein as "Plaintiff") was employed as a full-time maintenance/boat repair worker by Defendants MAY SHIP REPAIR CONTRACTING CORPORATION and MOHAMED M. ADAM (referred to herein as "Defendants").

2. Although Plaintiff often worked as many as seventy-eight (78) hours in a workweek, Defendants failed to pay him overtime premiums for all hours worked in excess of forty hours in a workweek at one and one-half (1-1/2) times his regular rate of pay, in violation of the Fair Labor Standards Act ("FLSA").

3. Defendants also violated the New York Labor Law and its implementing regulations (the "NYLL") by failing to pay Plaintiff (i) the required minimum wage rates for all hours worked, (ii) wages for all hours worked, (iii) overtime premiums for all hours worked in excess of forty (40) hours in any workweek, and (iv) an additional hour's pay at the minimum hourly wage rate for each day that he

worked a spread of hours that exceeded ten hours or a shift in excess of ten hours. Defendants also violated the NYLL by failing to provide Plaintiff with required wage statements and wage notices.

4. Plaintiff seeks unpaid wages including minimum wages and overtime wages, spread of hours pay, liquidated damages, statutory damages, pre-and post-judgment interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's Fair Labor Standard Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district in that Plaintiff was employed to work in Richmond County in the State of New York.

## PARTIES

8. Plaintiff RODOLFO HERNANDEZ is an individual residing in Richmond County in the State of New York.

9. Plaintiff Hernandez was hired by Defendants in 2009 and continued to work for them – on a full-time basis - until on or about June 26, 2019.

10. Defendant May Ship Repair Contracting Corporation ("May Ship") is a New York Corporation with its principal place of business located at 3075 Richmond Terrace, Staten Island, NY 10303.

11. Defendant Mohamed M. Adam is the owner, chairman/chief executive officer, manager and/or operator of Defendant May Ship. Defendant Mohamed M. Adam has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff. Defendant Mohamed M. Adam was in charge of Defendants' operations, approved hiring and firing Defendants' employees, and gave out orders for Plaintiff's (and Defendants' other employees') daily work assignments.

12. At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

13. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of §3(r) & (s) of the FLSA, 29 U.S.C. §203 (r) & (s).

14. At all times relevant hereto, Defendants employed employees, including Plaintiff, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of §3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

15. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## SUBSTANTIVE ALLEGATIONS

16. Defendants own, operate, and manage a "ship building and dry-docking facility" in Staten Island, New York.

17. At all relevant times, Defendants employed the Plaintiff as a maintenance/boat repair worker to work on boats that Defendants were repairing.

18. Plaintiff's job duties included all aspects of maintenance repairs, including painting, cleaning, operating forklifts to load and unload materials, and various other miscellaneous repair and construction-related duties.

19. Plaintiff was a non-exempt employee under the FLSA or the NYLL.

20. Throughout his employment with Defendants, Plaintiff regularly worked more than forty hours per week.

21. Plaintiff worked on average eleven hours a day.

22. Defendants generally scheduled Plaintiff to work from 7:30 a.m. through 6:00 or 7:00 p.m., or later, Monday through Saturday.

23. Plaintiff sometimes worked before 7:30 a.m., and worked past 7:00 p.m., when there was a lot of work to do.

24. Approximately two to three times per month, Plaintiff worked seven days a week.

25. Plaintiff was so busy that he barely took any time off for lunch, and regularly worked through meal breaks.

26. Defendants paid Plaintiff a flat rate of $100 a day for days that he worked between eight (8) and ten (10) hours.

27. If Plaintiff worked fewer than eight (8) hours a day, Defendants paid him at a rate of $10/hour. When Plaintiff worked more than ten (10) hours a day, Defendants paid him for some, but not all, of the extra hours at a rate of $10/hour.

28. Defendants failed to pay Plaintiff overtime premiums of one and one-half (1-1/2) times his regular rate of pay for all of hours that he worked in excess of forty in a workweek.

29. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid overtime premiums for all hours worked in excess of forty hours in a week.

30. Defendants knew that their nonpayment of minimum wages and overtime premiums would economically injure Plaintiff and that it violated the FLSA and the NYLL.

31. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Wages – FLSA)

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

33. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

34. At all times relevant to this action, Plaintiff was employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207.

35. At all times relevant to this action, Defendants have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

36. At all times relevant to this action, Defendants' businesses have had annual gross revenues well in excess of $500,000.

37. Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

38. Defendants were required to pay Plaintiff overtime wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

39. At all times relevant to this action, Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums to Plaintiff, thereby violating the overtime requirements of the FLSA.

40. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff for all hours worked and failing to pay Plaintiff overtime at not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

42. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in amounts to be determined at trial and are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(New York Labor Law, Article 19: Minimum Wages and Overtime Wages)**

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

77. At all times relevant hereto, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

78. At all times relevant hereto, each of the Defendants were an employer within the meaning of N.Y. Lab. Law § 650(6).

79. It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

80. Defendants willfully, regularly, repeatedly and knowingly violated Plaintiff's rights by failing to pay his compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its implementing regulations.

81. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

82. Also as detailed above, Defendants' actions were willful.

83. Due to Defendants' NYLL violations, Plaintiff seeks damages in the amount of his unpaid minimum wages, unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (New York Labor Law, Articles 6 and 19—Spread of Hours Pay)

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

85. Defendants failed to pay Plaintiff an additional hour's pay at the basic minimum hourly wage rate for each day that he worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of the NYLL and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

86. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (New York Labor Law §§ 195(1) & (3) - Failure to Provide Wage Statements and Wage Notice)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

44. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1) containing Plaintiff's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

45. Defendants also willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

46. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each workweek that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday that the violations of § 195(1) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages to Plaintiff for violations of the FLSA, plus FLSA liquidated damages, to be paid by Defendants;

(b) An award of damages to Plaintiff for violations of the NYLL, including NYLL liquidated damages and NYLL statutory damages, to be paid by Defendants;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: February 26, 2020         Respectfully submitted,

                                 HARRISON, HARRISON & ASSOCIATES

                                     /s/ David Harrison
                                 David Harrison, Esq.
                                 110 State Highway 35, Suite #10
                                 Red Bank, NJ 07701
                                 (718) 799-9111 Phone
                                 (718) 799-9171 Fax
                                 dharrison@nynjemploymentlaw.com
                                 *Attorneys for Plaintiff*